NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1307
_____

DANA T. TOKLEY,
                                        Appellant
                    v.

MICHELLE RICCI;
ATTORNEY GENERAL OF THE STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 2-09-cv-04546)
District Judge:  Honorable Katherine S. Hayden

_____

Submitted under Third Circuit LAR 34.1(a)
on March 8, 2013

Before:  SCIRICA, JORDAN and ROTH, Circuit Judges

(Opinion filed: October 16, 2013)

_____

O P I N I O N

_____

**ROTH,** Circuit Judge:

Dana T. Tokley appeals the District Court's January 20, 2012, order denying his

petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**I.      Background**

1

On November 11, 1996, two masked, armed men robbed the Quality Automobiles car dealership in Pennsauken, New Jersey. Jose Martinez later came forward and implicated himself and Dana Tokley in the robbery. Martinez was the state's key witness at Tokley's trial and testified that Martinez, Tokley, and a third man, Elliot Rosario, had planned to rob Quality Automobiles, but on the night in question, Rosario did not participate. Martinez described in detail how he and Tokley committed the armed robbery, but Martinez was the only witness to identify Tokley as one of the masked gunman.

At the time of trial, Martinez was serving a 20-year sentence for aggravated manslaughter. He had been charged with murder and was eligible for a life sentence, but in exchange for his guilty plea and trial testimony against Tokley, the state agreed to the 20-year sentence for aggravated manslaughter. Martinez explained at trial that he agreed to cooperate with the government in exchange for a lesser charge and because he was upset that Rosario had been killed and was concerned that he might also be killed.

Tokley's attorney, Scott Griffith, vigorously cross-examined Martinez about his long criminal history, his hatred of Tokley, and his discussions with others about killing Tokley. On redirect, Martinez explained that Rosario was like a brother to him and that he was angry with Tokley because Tokley had influenced Rosario to kill someone in a prior drug transaction but that person had turned out to be the "wrong guy." Martinez further explained that if he could get away with it, he would have killed Tokley. Martinez then, unprompted by the government, blurted out that Tokley had murdered Rosario. Griffith immediately objected and moved for a mistrial.

2

The trial court overruled the objection and denied the request for a mistrial. Instead, the trial court gave a lengthy limiting instruction that the jurors should only use Martinez's statement "for the limited purpose of deciding the credibility and believability of Jose Martinez' testimony about Dana Tokley's participation in the Quality Auto robbery." The trial court explained that this meant the jurors could "consider whether this witness has so much animosity towards Dana Tokley because of the alleged death of Elliot Rosario that he would falsely implicated Dana Tokley," but that they "should not hold that statement against" Tokley or conclude that Tokley had killed Rosario based on Martinez's statement. The trial court also reminded the jurors that they must decide "whether the State has proven Dana Tokley guilty beyond a reasonable doubt of the armed robbery at Quality Auto. You are certainly not here to decide whether Dana Tokley is guilty of murdering Elliot Rosario." Griffith did not object to this instruction, and, before continuing with Martinez' testimony, the trial court again reiterated that the jurors "should not assume from that that Mr. Tokley has a propensity to commit crimes or that he's a bad person or an unlawful person in any way. Again, it's for the limited purpose of evaluating the motive of the witness, Jose Martinez, to be truthful or not truthful."

Tokley was convicted in New Jersey Superior Court of first-degree armed robbery and second-degree possession of a firearm for an unlawful purpose. On April 3, 2000, he was sentenced to 55 years imprisonment with 27.5 years of parole ineligibility, to be served consecutively to a sentence he was already serving. Tokley appealed, alleging numerous trial errors, including the trial court's failure to grant a mistrial after Martinez's

3

outburst. The New Jersey Superior Court, Appellate Division, concluded, in its order of October 4, 2002, that there was no reversible error. Tokley appealed to the New Jersey Supreme Court, which denied certification.

Tokley then filed a petition for post conviction relief in New Jersey Superior Court, Law Division, (the PCR Court) alleging ineffective assistance of counsel. Tokley raised five grounds for relief, including that Griffith had failed to investigate or call witnesses who could have provided evidence of an alibi and of third-party guilt. The PCR Court held a three-day evidentiary hearing at which several witnesses testified.

Tokley testified that on the day of the robbery he had taken his mother and aunt to the cemetery where his brother was buried, so he could not have committed the robbery. Carol Tokley, Tokley's mother, testified that she was with Tokley at the cemetery on the day of the robbery. Tokley argued that had Griffith interviewed his mother, Griffith would have discovered this information and could have had her testify to this alibi at trial. While Tokley had asked Griffith to interview his mother prior to trial, Tokley admitted that he never told Griffith about the trip to the cemetery or that his mother was with him for it. Mrs. Tokley admitted that she did not realize the cemetery trip and the robbery occurred on the same day, November 11, 1996, until she was attending his trial. During the trial, Mrs. Tokley had lunch with Griffith and asked if she could testify, but even then she did not mention the cemetery trip or what she wanted to testify about.

Tokley's sister, Marcella McDonald, testified at the evidentiary hearing that she heard Ernest Hill, who was also known as E-Train, bragging to her husband on the day of the robbery that he had committed the robbery and that it would be in the paper the next

4

day. The *Courier-Post* did run an article about the Quality Automobiles robbery on November 12, 1996, which McDonald saw. Tokley argued that had Griffith interviewed McDonald and learned about Hill's statement, he could have called McDonald to testify about this evidence of third-party guilt. However, McDonald admitted that she did not know Tokley was being prosecuted for the Quality Automobiles robbery that Hill had bragged about until Tokley's sentencing in April 2000. Tokley did not ask Griffith to interview McDonald prior to trial, and Griffith testified that he would not have called McDonald as a witness because she did not appear credible and her testimony would have been of little value.

The PCR Court concluded that Griffith's failure to interview any potential defense witnesses constituted a deficient performance but that Tokley could not demonstrate that he had been prejudiced by this error. As a result, the PCR Court denied Tokley's petition for post-conviction relief in an oral opinion. The New Jersey Superior Court, Appellate Division affirmed, and the New Jersey Supreme Court denied certification.

Tokley then petitioned for a writ of habeas corpus in the United States District Court for the District of New Jersey. The District Court denied Tokley's petition, but issued a certificate of appealability with respect to two of the issues Tokley raised: (1) whether Griffith's failure to call Tokley's mother and sister constituted ineffective assistance of counsel, and (2) whether the trial court's denial of Tokley's motion for a mistrial in response to Martinez's outburst violated due process. This appeal followed.

5

## II.    Discussion[1]

Tokley asserts that the District Court erred in denying his habeas petition. Because the District Court did not hold an evidentiary hearing, our review of the District Court's decision is plenary. *Eley v. Erickson*, 712 F.3d 837, 845 (3d Cir. 2013).

AEDPA prohibits us from granting habeas relief

> unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the United States Supreme] Court, [28 U.S.C.] §2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1945, 146 L.Ed.2d 389 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

*Harrington v. Richter*, --- U.S. ----, 131 S. Ct. 770, 785 (2011).

Tokley argues that the state court's decisions with respect to both his ineffective assistance of counsel claim and his due process claim were contrary to or an unreasonable application of federal law.

### A.

Tokley argues that his trial counsel rendered ineffective assistance by failing to interview his mother and his sister, who would have, respectively, provided information relevant to an alibi defense and a third-party guilt defense. To establish ineffective assistance of counsel, "a defendant must show both deficient performance by counsel and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 129 (2009); *Strickland v. Washington*, 466 U.S. 668 (1984). Tokley argues that the Appellate Division's conclusion that Tokley

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 2254, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).

6

failed to satisfy the prejudice prong of *Strickland* was contrary to or an unreasonable application of federal law.

Here, both the PCR court and the Appellate Division applied the standard set forth in *Strickland* to evaluate Tokley's ineffective assistance of counsel claim. Accordingly, these decisions were not contrary to established Supreme Court precedent. *See Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000).

The PCR Court concluded that the verdict would not have been different if Griffith had interviewed Tokley's mother or sister. The court reasoned that neither potential witness realized she had exculpatory evidence until after the verdict in Tokley's case had been reached. The court also concluded that neither potential witness was credible.

Tokley argues that the PCR Court improperly substituted its own view for that of the jury when it concluded that Mrs. Tokley and McDonald lacked credibility. This is unavailing because courts may consider the credibility of witnesses in determining whether a petitioner has demonstrated prejudice. *See, e.g.*, *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002).

The Appellate Division concluded that no rational jury would have believed Mrs. Tokley and that the PCR Court did not err by finding that any testimony from McDonald would not have helped the defense. On this basis, the Appellate Division affirmed the PCR Court's order finding that Tokley was not prejudiced by Griffith's failure to interview Mrs. Tokley or McDonald. The Appellate Division's decision was not an unreasonable application of *Strickland*, and Tokley has not demonstrated that the

Appellate Division's decision cannot be justified under *Strickland*. As a result, we will affirm the District Court's order with respect to Tokley's ineffective assistance of counsel claim.

**B.**

Tokley asserts that the trial court's denial of his motion for a mistrial after Martinez's outburst violated due process and that he is entitled to habeas relief because the Appellate Division's decision affirming the trial court's denial was contrary to or an unreasonable application of federal law. Specifically, Tokley argues that "there was an overwhelming probability that the jury would be unable to follow the court's instructions and a strong likelihood that the evidence of other crimes was devastating to Tokley."

Here, the Appellate Division applied New Jersey law to determine that the trial court did not err by denying Tokley's motion for a mistrial and by instead instructing the jury to consider Martinez's statement only for its impact on Martinez's credibility. The Appellate Division reasoned that the trial court did not abuse its discretion in not declaring a mistrial because the prosecutor did not elicit the statement and the trial court "carefully weighed the testimony in light of the prejudice to the defendant as well as the potential to demonstrate the bias and hostility of the witness . . .." Furthermore, the Appellate Division concluded that the curative instruction to the jury "made clear the jury could only use the comment to asses Martinez's credibility, and the jury should not consider whether the statement was true or not."

While the Appellate Division did not consider the Supreme Court's precedents in its analysis of Tokley's claim, a state court decision is neither contrary to nor an

unreasonable application of federal law "so long as neither the reasoning nor the result of the state-court decision contradicts [the Supreme Court's cases]." *Early v. Packer*, 537 U.S. 3, 8 (2002).  There is no such contradiction here.

### III.    Conclusion

For the foregoing reasons, we will affirm the District Court's order denying Tokley's § 2254 petition.